

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br>ex rel. John Doe,<br><br>        *Plaintiff,*<br><br>v.<br><br>BIOCONFIRM LABORATORIES, LLC,<br>ET AL.<br><br>        *Defendant*s. | Civil Case No. 1:19-cv-4430-LLM<br><br>SEALED |

**FIRST SUPPLEMENTAL COMPLAINT**
**[FILED UNDER SEAL PURSUANT TO 31 U.S.C. §3730(b)(2)]**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, by and through the *qui tam* Relator, John Doe,

brings this action under 31 U.S.C. § 3729, *et seq.*, (the "False Claims Act" or "FCA")

to recover civil damages, penalties and attorney fees from Defendants.

<u>PARTIES</u>

1.    Plaintiff herein incorporates paragraphs 1-45 of the First Amended

Complaint as paragraphs 1-45 of the First Supplemental Complaint.

46.    Sonoran Desert Pathology Associates, LLC ("Sonoran") is a California

limited liability company with a primary place of business at 8885 Venice Blvd., Ste

201, Los Angeles, CA 90034. Sonoran's registered agent for service of process is VCORP Services CA., Inc. (C3156773), 25 Robert Pitt Dr., Ste. 204, Monsey, NY 10952. Sonoran operates the laboratory Sonoran Desert Pathology Associates at 6061 NE 14th Ave., Ste. A, Fort Lauderdale, FL 33334.

47.     Progenix Lab, LLC ("Progenix") is a Florida limited liability company with a primary place of business at 19580 W Dixie Hwy., Ste. 306, North Miami Beach, FL 33180. Progenix's registered agent for service of process is Galina Rozenberg, 19580 W Dixie Hwy., Ste. 306, North Miami Beach, FL 33180. Progenix operates the laboratory Progenix Lab, LLC at 3300 Egypt Ln., Ste. F 200, Magnolia, TX 77354.

48.     Peak Federal Labs, LLC ("Peak") is a Texas limited liability company with a primary place of business at 5444 Westheimer Rd., Ste. 1000, Houston, TX 77056-5318. Peak's registered agent for service of process is Corporate Creations Network Inc., 5444 Westheimer #1000, Houston, TX 77056-0000. Peak operates the laboratory Peak Federal Labs, LLC at 11311 Richmond Ave., Ste. L107, Houston, TX 77082.

49.     Claro Scientific Laboratories, Inc. ("Claro") is a Delaware company with a primary place of business at 1408 Horizon Avenue, Suite 101, Lafayette, CO 80026. Claro's registered agent for service of process is The Corporation Trust

Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801. Claro operates the laboratory Claro Scientific Laboratories at 1408 Horizon Avenue, Suite 101, Lafayette, CO 80026.

50.     Brookside Clinical Lab, Inc. ("Brookside") is a Pennsylvania company with a primary place of business at 4000 Edgmont Ave., Brookhaven, PA 19015-2211. Pennsylvania does not utilize registered agents, and Brookside can be served with process at 4000 Edgmont Ave., Brookhaven, PA 19015-2211. Brookside operates the laboratory Brookside Clinical Laboratory at 2901 W. Duttons Mill Rd., Ste. 100, Aston, PA 19014.

51.     Limitless Diagnostics, LLC ("Limitless") is a Delaware company with a primary place of business at 1 Alberigi Dr., Ste. 109, Jessup, PA 18434. Limitless' registered agent for service of process is A Registered Agent, Inc., 8 The Green, Ste. A, Dover, DE 19901. Limitless operates the laboratory Limitless Diagnostics, LLC at 1 Alberigi Dr., Ste. 109, Jessup, PA 18434.

52.     Liberty Labs, LLC ("Liberty") is a Florida limited liability company with a primary place of business at 450 Fairway Dr. #101, Deerfield Beach, FL 33441. Liberty's registered agent for service of process is Catalyst Tax and Consulting LLC, 2200 NW Corporate Blvd., Ste. 307, Boca Raton, FL 33431.

Liberty operates the laboratory Liberty Labs LLC at 1701 Green Road Suite A5-2, Deerfield Beach, FL 33064.

53.    Theragene Diagnostics, LLC ("Theragene") is a Wyoming limited liability company with a principal place of business at 7214 FM 1488, Ste. 107, Magnolia, TX 77354. Theragene's registered agent for service of process is Capital Administrations LLC, 1712 Pioneer Ave Ste. 115, Cheyenne, WY 82001. Theragene operates the laboratory Theragene Diagnostics at 7214 FM 1488, Ste. 107, Magnolia, TX 77354.

54.    Accugene LLC ("AccuGene") is a Florida limited liability company with a primary place of business at 600 Fairway Drive, Ste. 104, Deerfield Beach, FL 33441. Accugene's registered agent for service of process is Josephine Carver, 600 Fairway Drive, Ste. 104, Deerfield Beach, FL 33441. Accugene operates the laboratory Accugene, LLC at 600 Fairway Drive, Ste. 104, Deerfield Beach, FL 33441.

55.    Tesis Labs LLC ("Tesis") is a Delaware limited liability company with a primary place of business at 1408 Horizon Avenue, Suite 101, Lafayette, CO 80026. Tesis' registered agent for service of process is Capitol Services, Inc., 1675 S State St., Ste B, Dover, DE 19901.

56.     Alliance Dx, LLC ("Alliance") is a Texas limited liability company with a primary place of business at 1140 Business Center Dr., Ste. 360, Houston, TX 77043. Alliance's registered agent for service of process is Attorney Service Associates Inc., 3610-2 N. Josey, Ste. 223, Carrollton, TX 75007. Alliance operates the laboratory Alliance Dx, LLC at 1140 Business Center Dr., Ste. 360, Houston, TX 77043.

57.     Daniel Carver is an individual who, on information and belief, resides at 19632 Back Nine Drive, Boca Raton, FL 33498.

58.     Clifton Bauer is an individual who, on information and belief, resides at 8730 Browne's Pond Lane, Charlotte, NC 28277.

59.     Bradley Hisle is an individual whose address is unknown.

60.     Matt Ryan is an individual whose address is unknown but who is a Manager of Defendant Limitless and provides the following address to the Florida Secretary of State: 7901 4th St N., Ste. 300, St. Petersburg, FL 33702.

61.     Ron King is an individual whose address is unknown but who is CEO of Defendant Tesis and Manager of its affiliate Tesis Labs of Arizona LLC and provides the following address to the Arizona Secretary of State: 3104 E. Camelback Rd. #2147, Phoenix, AZ 85016.

## JURISDICTION AND VENUE

62.    Plaintiff herein incorporates paragraphs 46-49 of the First Amended Complaint as paragraphs 62-65 of the First Supplemental Complaint.

## FACTUAL BACKGROUND

66.    Plaintiff herein incorporates paragraphs 50-86 of the First Amended Complaint as paragraphs 66-102 of the First Supplemental Complaint.

103.    Brookside and Limitless are labs managed and/or controlled, at least in part, by defendant Matt Ryan. Relator's observations within Lab X and/or conversations other Lab X employees indicate that Brookside and Limitless both processed Medicare referrals with BioConfirm requisitions after BioConfirm went silent following the Clio indictment. They also use the same BioConfirm referral sources. On information and belief, Ryan uses Brookside, Limitless, and possibly other labs to assume and continue BioConfirm's fraudulent scheme described previously.

104.    Relator's observations within Lab X and/or conversations other Lab X employees indicate that Sonoran is controlled by defendant Dan Hurt and is a sister entity to defendant First Choice. Those observations and conversations further indicate that Sonoran is part of the same scheme to defraud Medicare and, *inter alia*, uses the same referral sources for illegal referrals that defendant First Choice uses

and that BioConfirm used before its indictment. On information and belief, Hurt and Sonoran intentionally or recklessly caused or conspired for Sonoran to: (i) pay or cause to be paid kickbacks for Medicare-subscriber test referrals; (ii) bill Medicare for tests that are not medically necessary; (iii) bill Medicare for tests that were not ordered by a treating physician; and/or (iv) bill Medicare for tests that involve test samples from individuals other than those identified in the documents submitted to Medicare.

105.    Progenix, Theragene, and AccuGene are labs controlled by defendant Daniel Carver, who also controls at least one telemedicine company unknown to Relator. Relator's observations within Lab X and/or conversations with third parties in the industry indicate that Carver and his companies utilize the same illegal referral sources previously used by BioConfirm and/or other named defendants. Those observations and/or conversations also indicate that Carver and his labs were set up and continue to be managed by defendant Clifton Bauer, an individual notorious within Lab X for operating labs that submit test samples evidencing all of the "red flags" described with regard to BioConfirm samples. Relator is further aware of conversations wherein Carver described how his companies seek out Medicare subscriber information and then request a genetic-test referral from the subscribers' physicians. When a physician refuses to order the tests requested, Carver's company

demands that the physician sign a written acknowledgment that he/she is refusing to order the test and that he/she accepts responsibility and is liable for medical conditions that may have been identified through the test. This threat works and routinely causes physicians who had originally determined that a test was not medically necessary to order the test nonetheless. On information and belief, Carver, Progenix, Theragene, and AccuGene intentionally or recklessly caused or conspired for Progenix, Theragene, and/or AccuGene to: (i) pay or cause to be paid kickbacks for Medicare-subscriber test referrals; (ii) bill Medicare for tests that are not medically necessary; (iii) bill Medicare for tests that were not ordered by a treating physician; and/or (iv) bill Medicare for tests that involve test samples from individuals other than those identified in the documents submitted to Medicare.

106.  Peak and Liberty are labs controlled by defendant Bradley Hisle. Relator's observations within Lab X and/or conversations with third parties in the industry indicate that Hisle and his companies utilize the same illegal referral sources previously used by BioConfirm and/or other named defendants. Those observations and/or conversations further indicate that Hisle and his labs were set up and continue to be managed by defendant Clifton Bauer, an individual notorious within Lab X for operating labs that submit test samples evidencing all of the "red flags" described with regard to BioConfirm samples. Relator's observations within Lab X and/or

conversations with other Lab X employees also indicate that: (i) on multiple occasions, physicians who allegedly ordered tests that Peak asked Lab X to perform disputed that they did so; and (ii) DNA from test samples submitted by Peak match those submitted by other labs or evidence gender mismatch and other "red flags" described with regard to BioConfirm tests. On information and belief, Hisle, Peak, and/or Liberty intentionally or recklessly caused or conspired for Peak and Liberty to: (i) pay or cause to be paid kickbacks for Medicare-subscriber test referrals; (ii) bill Medicare for tests that are not medically necessary; (iii) bill Medicare for tests that were not ordered by a treating physician; and/or (iv) bill Medicare for tests that involve test samples from individuals other than those identified in the documents submitted to Medicare.

107.   <u>Alliance, Claro, and Tesis</u> are labs managed and/or controlled, at least in part, by defendant Ron King. Relator's observations within Lab X and conversations with others in the industry indicate that King and his companies utilize the same illegal referral sources previously used by BioConfirm and other named defendants. Relator is also aware of conversations wherein King confirmed that his labs pay for Medicare-subscriber test referrals on a per-sample basis but disguise this fact through "flat rate" contracts designed to give the illusion of compliance. In reality, the labs' payments to referral sources are illegal kickbacks. On information

and belief, King, Alliance, Claro, and Tesis intentionally or recklessly caused or conspired for Alliance, Claro, and/or Tesis to: (i) pay or cause to be paid kickbacks for Medicare-subscriber test referrals; (ii) bill Medicare for tests that are not medically necessary; (iii) bill Medicare for tests that were not ordered by a treating physician; and/or (iv) bill Medicare for tests that involve test samples from individuals other than those identified in the documents submitted to Medicare.

108.   Clifton Bauer is an individual notorious within Lab X for operating labs that submit test samples evidencing all of the "red flags" described with regard to BioConfirm samples. Relator is aware of conversations wherein Lab X management with a long history working with Bauer and the labs he controls and/or manages confirmed reoccurring "red flags" associated with Bauer's labs, including doctors complaining that they did not order requested tests, gender mismatching tests, duplicate tests requested by other labs for the same patient, etc. Relator is also aware conversations wherein Bauer expressly confirmed his direct involvement in setting up and managing the Medicare-billing operations described herein for defendants Carver and Hisle and their associated labs. For each of these operations, Bauer confirmed that he sets them up and coordinates their use of high-volume referral sources and strategies for billing Medicare. According to Bauer, while Carver, Hisle, and their labs directly assume the inherent risks of paying referral sources and billing

Medicare, Bauer and companies related to him contract to provide the labs with management and related "services" and thereby share in the illicit profits realized from Medicare. Relator is further aware of conversations wherein Bauer confirmed his instructions that neither Carver nor Hisle were to know that Bauer and his companies were working with the other. On information and belief: (i) Carver and Hisle had little to no experience in the lab industry prior to being set up by Bauer; and (ii) Bauer intentionally or recklessly caused or conspired for Carver and Hisle and their associated labs to defraud Medicare as alleged herein.

<u>APPLICABLE LAW</u>

109.   Plaintiff herein incorporates paragraphs 87-90 of the First Amended Complaint as paragraphs 109-112 of the First Supplemental Complaint.

<u>CLAIMS ASSERTED</u>

113.   Relator realleges Paragraphs 1 through 112 as though fully set forth herein.

**COUNT ONE**

114.   Plaintiff herein incorporates paragraphs 92-93 of the First Amended Complaint as paragraphs 114-115 of the First Supplemental Complaint.

## COUNT TWO

116.   Plaintiff herein incorporates paragraphs 94-95 of the First Amended Complaint as paragraphs 116-117 of the First Supplemental Complaint.

## COUNT THREE

118.   Plaintiff herein incorporates paragraph 96 of the First Amended Complaint as paragraph 118 of the First Supplemental Complaint.

WHEREFORE, Relator requests the following relief for all claims asserted:

A. Defendants be ordered to cease and desist from submitting and/or causing the submission of additional false claims, collecting monies for the prior submission of false claims, or in any way violating the federal False Claims Act, 31 U.S.C §3729 *et seq.*;

B. Judgment be entered in favor or Relator and the United States of America against defendants in the amount of each and every false or fraudulent claim and so multiplied as provided by federal False Claims Act 31 U.S.C. 3729(a), plus a civil penalty of not less than five thousand five hundred dollars ($5,500.00) nor more than eleven thousand dollars ($11,000.00) per claim, as provided in 31 U.S.C. §3729(a), to the extent such multiplied penalties shall fairly compensate the United States of America for losses resulting from the defendants' scheme, together with penalties allowed for specific claims to be identified at trial after full discovery;

C. Twenty-five percent (25%) of the proceeds of this actions to Relator if the United States of America elects to intervene and thirty percent (30%) if it does not;

D. That judgment be granted for Relator and the United States of America against defendants for any costs, including but not limited to, costs of court, expert fees and all attorney's fees incurred by Relators in the prosecution of this lawsuit; and

E. That Relator and the United States of America receive any and all such further relief to which they may be entitled, whether in law or in equity.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to <u>Federal Rule of Civil Procedure 38</u>, *Qui Tam* Plaintiffs hereby demand a trial by jury.

Dated: Atlanta, Georgia
July 5, 2021

> Respectfully submitted,
>
> Law Offices of Joseph L. Manson III
> Counsel of Record
>
> */s/ Joseph L. Manson III*
> Joseph L. Manson III
> Law Offices of Joseph L. Manson, III
> 600 Cameron Street
> Alexandria, VA 22314
>
> *Pro Hac Vice* Application filed

John P. MacNaughton LLC
Of Counsel


By:
John P. MacNaughton
2415 Hanover West Lane NW
Atlanta, GA 30327
Telephone: (404) 444-9556
Georgia Bar No. 464550
John.macnaughtonsr@gmail.com